# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# BAY CITY DIVISION

| | |
|---|---|
| CAROLINE G. ZOCHER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:24-cv-11025 |
| FLEXSHOPPER, LLC, d/b/a, LIBERTY TAX & LOANS and JOHN DOES 1-10, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** CAROLINE G. ZOCHER ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of Defendant, FLEXSHOPPER, LLC, doing business as, LIBERTY TAX & LOANS and JOHN DOES 1-10 ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.*, and the Michigan Occupational Code ("MOC") pursuant to M.C.L. §339.901., stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §1331, and §1337 as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

1

3. Venue in this district is proper under 28 U.S.C. §§ 1391 as Plaintiff resides in the Eastern District of Michigan and a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who, at all times relevant, resided in Mt. Pleasant, Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. FLEXSHOPPER, LLC, doing business as, LIBERTY TAX & LOANS is a financial service provider that offers high interest loans for consumers across the country, including those in the state of Michigan.

7. FLEXSHOPPER, LLC, doing business as, LIBERTY TAX & LOANS corporate offices are located at 901 Yamato Road, Suite 260, Boca Raton, Florida 33431.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. JOHN DOES 1-10 are third party vendors that Defendant utilizes to assist Defendant in the collection of debts owed by consumers. The identities of John Does 1-10 are unknown to Plaintiff at this time and will be identified through discovery.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

11. In or around 2018, Plaintiff obtained a personal loan from Defendant for $400 ("subject debt").

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8792.

13. At all times relevant, Plaintiff's number ending in 8792 was assigned to a cellular telephone service.

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff made great efforts to pay the subject debt in a timely manner to Defendant, but sadly, Plaintiff fell behind on payment in or around October 2023.

16. Shortly thereafter, Defendant began placing outgoing telephone calls to Plaintiff's cellular telephone to collect the subject debt.

17. Specifically on October 4, 2023, Plaintiff explained her financial circumstances to Defendant and pleaded for Defendant to cease its harassing calls to her cellular phone.

18. As the subject account became further past due, Defendant ramped up its call volume significantly.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular phone using pre-recorded technology and/or using an Automated Telephone Dialing System.

20. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

21. Defendant ignored Plaintiff's request for the collection calls to cease and continued bombarding her with unwanted calls.

22. In total, Defendant has placed numerous harassing collection calls to Plaintiff's cellular phone using pre-recorded messaging technology after Plaintiff initially requested that the calls cease.

23. Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

24. Upon information and belief, John Does 1-10 falsely held themselves out as "Liberty Tax and Loan" in calls they placed on behalf of Defendant.

## DAMAGES

25. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

27. Due to Defendant's refusal to honor Plaintiff's repeated requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

30. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

31. As pled above, Plaintiff revoked consent to be called on her cellular phone during answered calls.

32. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

33. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

35. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

36. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

37. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff CAROLINE G. ZOCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. Awarding $500.00 in damages to Plaintiff

c. Awarding treble damages of up to $1,500.00 to Plaintiff; and,

d. Awarding any other relief as this Court deems just and proper.

## COUNT II:

### Michigan Occupational Code (M.C.L. §339.901. *et. seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of M.C.L. § 339.915(n)**

39. The MOC, pursuant to M.C.L. § 339.915(n), prohibits Defendant from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

40. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Their repeated behavior of systematically calling Plaintiff's phone, in spite of her demands, attempting to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of telephone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

41. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only viable option available to Plaintiff to escape Defendant's phone calls was to turn off her

cellular phone. However, given the imperative function cellular phones serve in the modern world, Plaintiff had no reasonable alternative and was forced submit to Defendant's phone calls.

42. The MOC was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

43. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of the Plaintiff and similarly situated consumers.

44. As state above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, CAROLINE G. ZOCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff actual damages pursuant to M.C.L. § 339.916(1);

c. Award Plaintiff punitive damages pursuant to M.C.L. § 339.916(2)

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to M.C.L. § 339.915(1); and,

e. Awarding any other relief as this Court deems just and appropriate.

Dated: April 18, 2024                          Respectfully Submitted,

**CAROLINE G. ZOCHER**

<u>*/s/ Marwan R. Daher*</u>
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*