# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Caroline Zocher,

          Plaintiff,          Case No. 24-11025

v.          Judith E. Levy
          United States District Judge

Flexshopper, LLC, *et al*.

          Mag. Judge Patricia T. Morris

          Defendants.

_____/

## ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION ON DAMAGES

On April 18, 2024, Plaintiff Caroline Zocher filed suit against Flexshopper, LLC, and ten John Does alleging violations of the Telephone Consumer Protection Act and Mich. Comp. Laws § 339.915. (ECF No. 1.) Plaintiff obtained a personal loan from Flexshopper and fell behind on payments in October 2023. (*Id.* at PageID.2–3.) She alleges that Flexshopper, through its John Doe agents, attempted to collect on the debt by "plac[ing] numerous harassing collection calls to Plaintiff's cellular phone using pre-recorded messaging technology after Plaintiff initially requested that the calls cease." (*Id.* at PageID.3.)

Plaintiff's motion requests statutory damages of $94,500.00 pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), and statutory damages of $150.00 pursuant to Mich. Comp. Laws § 339.916(2). (*Id.* at PageID.22.)

With respect to determining the appropriate amount of damages when filing for default judgment, "[t]he allegations in the complaint . . . are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sc. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 55(b)(2). It is the "Plaintiff's burden to establish it is entitled to the damages it seeks." *Trustees of Iron Workers' Loc. No. 25 Pension Fund v. Quality Steel Fabricating & Erecting, Inc.*, No. 19-11127, 2021 WL 164549, at *2 (E.D. Mich. Jan. 19, 2021) (Michelson, J.) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

Plaintiff has not provided evidence to support that she is entitled to $94,650.00 in statutory damages. For example, while Plaintiff states that Defendant placed "no less than 63 calls" (ECF No. 10, PageID.21), Plaintiff does not identify what number of these violations were "knowing and willful" such that she is entitled to treble damages under 27 U.S.C.

2

§ 227(b)(1)(A)(iii), or why the Court should find that these violations were "knowing and willful."

Because it is not possible for the Court to "ascertain . . . with reasonable certainty," *Vesligaj*, 331 F. App'x at 355, that Plaintiff's statutory damages total $94,650.00, the Court directs Plaintiff to provide additional documentation to support the award she requests. Plaintiff must file her supplemental material, including a declaration or affidavit in support of her claim for damages, by **September 27, 2024** so that the Court may consider it in advance of the hearing on October 3, 2024. (ECF No. 11.)

IT IS SO ORDERED.

Dated: September 18, 2024      s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

3